```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

DAVID WATTLETON,                )
        Plaintiff,              )
                                )
                                )   CIVIL ACTION NO. 05-40066-PBS
        v.                      )
                                )
MR. CALAUTTII, et al.,          )       APP. NO. 10-1411
        Defendants.             )
```

## ORDER

June 14, 2010

Saris, U.S.D.J.

David Wattleton, a civilly committed person confined at FMC Devens, has filed a motion (#32) for leave to appeal in forma pauperis.

Although it appears that Wattleton is without income or other assets to prepay appeal fee, under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For the purposes of this statute, good faith is measured by an objective standard, i.e., whether the litigant "seeks appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962).

In the present appeal, Wattleton asks the Court of Appeals to consider the issue of "whether the court erred in determining that the preliminary injunction concerning access to the law library and recreation yard from 8:30am to 3:30pm, Monday thru Friday, was ever binding on the defendants, and without prior

notice to the defendants." <u>See</u> Notice of Appeal (#31).

At issue is the Court's March 3, 2010 order (#30), in which the Court denied Wattleton's motion under Fed. R. Civ. P. 60(a). In this order, the Court explained that, to the extent that the preliminary injunction concerning Wattleton's access to the law library and recreation yard was ever binding on the defendants, it was dissolved by (1) the Court's grant of the defendants' motion to dismiss counts related to access to the law library; and (2) the subsequent dismissal without prejudice of Wattleton's claim concerning access to the recreation yard. The Court noted in a footnote that the preliminary injunction may have been issued without prior notice to the parties.

Here, despite any subjective good faith that Wattleton may have in appealing this issue, objectively, the appeal is without merit. To the extent that Wattleton appeals the March 3, 2010 order on the ground that the Court inferred the preliminary injunction may have never been binding on the defendants, the appeal is without merit because the Court's passing observation on that issue was not the basis of the Court's denial of the Rule 60(a) motion. To the extent that Wattleton appeals the March 3, 2010 order on the ground that the preliminary injunction had become permanent, the appeal is without any merit because, as the Court has already explained, the preliminary injunction did not survive the grant of the motion to dismiss claims concerning

2

access to the law library and the subsequent dismissal without prejudice of the remainder of the action.

Accordingly, the motion (#32) is <u>DENIED</u>.

The Clerk shall transmit a copy of this Order to the United States Court of Appeals for the First Circuit.


SO ORDERED.

| | |
|---|---|
| <u> 6/14/10    </u> | <u>/s/ Patti B. Saris           </u> |
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |